Mason *v.* Whipple et al.

---

EDWIN D. MASON *v.* JOSEPH WHIPPLE AND ROBERT RUSSELL.

*Attachment. Officer. Bond.*

The plaintiff, as an authorized person, served four writs by attaching personal property, which was afterwards, during the pendency of those suits, appraised and delivered up to the defendant therein, upon the execution by W. and R. of a bond to the plaintiff, conditioned that if they should pay the plaintiff, or any officer having executions issued in said suits, the appraised value of the property, or should indemnify him from all damages and costs which might accrue to him if such payment should not be made to meet such executions. Previous to the surrender of the property, the plaintiff had incurred certain expenses in keeping and apprasing it. Only one of the suits resulted in a judgment against the defendant therein, and the execution was placed in the plaintiff's hands, as an authorized person, for collection, but it was paid during its life by W. and R. to the judgment creditor; *Held*, in an action in favor of the plaintiff against W. and R. upon the bond, that they had sufficiently fulfilled it on their part, and that the plaintiff could not recover of them his expenses in keeping and appraising the property.

DEBT upon a bond in the penal sum of five hundred dollars, executed by the defendants to the plaintiff, with the following condition :

" Whereas the said Edwin D. Mason, as an authorized person, has attached five two-year-old steers, one white mare, one stud horse, two yearling colts, eighty bushels of oats and four tons of hay, on writs *Rolla Gleason* v. *William P. Briggs and Levi Under-wood, William Rhodes, Jr.* v. *William P. Briggs, A. B. Maynard* v. *William P. Briggs, Maynard and Edmunds* v. *Wm. P. Briggs,* which property has been appraised, under the statute in such case made and provided in regard to the attachment of personal property erty liable to waste or depreciation in value in consequence of keeping, at the sum of two hundred and thirteen dollars; now therefore if the said Whipple and Russell shall pay to the said Mason, or to any officer having executions, which may be obtained upon these suits, the sum of two hundred and thirteen dollars, or shall indemnify said Mason from all damages and costs which may accrue to him, if such payment is not made to meet such executions, then this obligation to be void, but otherwise of full force."

The defendants pleaded that they had fulfilled all the agreements in the condition of said bond, by them to be performed; and also that the plaintiff had not been in any respect damnified by reason of any thing or cause mentioned in said condition.

The plaintiff replied that the defendants had not fulfilled their bond, and assigned as a breach thereof, that the suit in favor of. Gleason against Briggs and Underwood, mentioned in the bond, resulted in a judgment in Gleason's favor, at the September Term, 1852, of the Chittenden County Court, for fifty-one dollars and eighty cents damages, and sixteen dollars and seventy cents costs; that within thirty days from the rising of the court at that term, Gleason took out an execution on this judgment, directed to the plaintiff as an authorized person to serve and return, and put it into the plaintiff's hands to execute, and that the plaintiff within said thirty days duly demanded of the defendants the property mentioned in the condition of the bond, for the purpose of levying the execution thereon to satisfy the same and all previous costs and charges expended by the plaintiff in and about keeping said property, and appraising it previous to the execution of the

bond; that said costs and charges amount to ninety dollars, and had never been paid to the plaintiff; that although the defendants did, during the life of said execution, pay the amount thereof to Gleason, yet they refused to deliver the said property to the plaintiff, whereby he could satisfy said costs and charges, and also refused to pay to the plaintiff the said sum of two hundred and thirteen dollars, or to indemnify him from the damages and costs which had accrued to him, according to the force and effect of the condition of said bond.

To this replication the defendants demurred, but the court, at the September Term, 1858,—BENNETT, J., presiding,—adjudged the replication sufficient, and rendered judgment for the plaintiff, to which the defendants excepted.

Upon the assessment of damages, the court found that the property, named in the condition of the bond, was attached by the plaintiff as an authorized person in the suit of *Gleason* v. *Briggs and Underwood* (no evidence being given of any other attachment), and was kept by the plaintiff at his own expense from the time of the attachment to the date of the bond, and that he paid for keeping and appraising it forty-three dollars and twenty-five cents, and that that amount was a reasonable charge for such services.

The defendants claimed that no part of these charges were reasonable to be allowed in this suit; and that if they were, they should be apportioned among the different attachments named, and that only the proportion, belonging to the attachment in the suit of *Gleason* v. *Briggs and Underwood*, should be allowed in this suit.

But the court rendered judgment for the plaintiff for the whole amount, to which the defendants excepted.


*Roberts & Chittenden*, for the defendants.

1. The condition of the bond does not accord with the provisions of the statute; chap. 31, sec. 33, Comp. Stat. One of the alternatives, viz: to satisfy the judgments to be recovered, is omitted. This is a material alternative, and one which was performed in this case by the payment of the judgment within the life of the execution.

The bond can not be called a voluntary bond, and so be sus-

tained. It must stand upon the statute or fail outright; *Frothingham* v. *Howard*, 1 Aik. 139.

2. The costs and expenses of keeping and appraising the property previous to the execution of the bond, can not be recovered in this action.

*a.* Their payment is not recognized as among the necessary conditions in the bond provided for by the statute; sec. 33, chap. 31. If the officer has a lien upon the property for these expenses, he has it independent of the statute, and such lien is not secured by the bond given under the statute.

*b.* The payment of such expenses is not one of the conditions of the bond in question.

The condition to "indemnify, etc.," imports a liability to the creditor on the part of the plaintiff, against which the defendants were to protect him. But the extent of this liability is to pay the execution if the property be not forthcoming; and the defendants have discharged this liability by paying Gleason's execution.

3. The proceedings connected with giving the bond should have been returned upon the writ as part of the service, and the expenses of keeping and appraising the property should have been stated in the return, and thus made a part of the taxable costs in the suit.

In this case this was either done or was not done. If it was done, then these expenses were taxed with the other costs, and were paid when the judgment was paid. If it was not done, then by the plaintiff's neglect to make return of the fees and charges, they can not be allowed; Comp. Stat. chap. 13, sec. 28.

*J. Maeck,* for the plaintiff.

1. When the defendants executed the bond, the property was subject to certain charges and expenses for keeping and appraising it. The condition of the bond was to pay two hundred and thirteen dollars, or indemnify the officer. Though the defendants paid the amount of the execution, they did not pay the two hundred and thirteen dollars, and refused to pay the costs and charges, though both the execution and the cost and charges were less than two hundred and thirteen dollars. They say that the statute contemplates that simply paying the amount of the execution relieves

them from the bond.   We claim that the defendants are bound to pay in full both, unless they exceed the appraised value of the property, when they can relieve themselves by paying the appraised value.

2. That the officer is liable to pay the expenses of keeping and taking care of the attached property, has been too often decided to require the aid of authority.   He can not require either the debtor or creditor to furnish him means so long as the attachment is pending, and the property in the custody of the law.

3. These charges are a lien upon the attached property, defeated indeed, when the creditor fails to prosecute his suit and preserve his lien.   If the creditor recovers and the property is duly levied upon and sold on the execution, the avails of the sale would be first applied to discharge these liens.

4. Had the property remained in the sheriff's hands, no question could have been made but that he might have thus applied the avails of the sale.   It is manifest that it was not the intent of the legislature to impair the rights of the creditor, or discharge the debtor from any of the burdens imposed upon the property, by authorizing it to be appraised and delivered to the debtor on his giving security.   The security is not to deliver the property itself, but its value is substituted in lieu of a receipt or replevin bond.   The security takes the place of the property, and its avails are appropriated in the same way the avails of the property would have been.

5. The statute does not require the security to be by bond. It may be taken in any way the parties agree.   By this bond no greater burdens are imposed upon the debtor or sureties than the statute imposed; Drake on Attachment, sec. 317; *Bruce v. Pettingill,* 12 N. H. 341.

BARRETT, J.   It does not seem necessary in order to a decision of this case, to discuss the technical questions that were raised upon the pleadings.   It may be assumed as appearing in the case that the plaintiff, as an officer by special authorization, attached on several writs against William P. Briggs, various articles of personal property, which afterwards, during the pendency of said suits, were appraised and went into the hands of said Briggs,

under the provisions of the statute, on giving to said officer security to his satisfaction.

The bond in suit was taken by the plaintiff as such satisfactory security. Without determining whether it be a statutory official bond, it may, for the purposes of this case, be treated as valid, for all the purposes provided for in its condition. After reciting the fact of the attachment of the property on the several writs against Mr. Briggs, and the appraisal thereof in pursuance of the statute, the condition proceeds, "now if the said Whipple and Russell shall pay to the said Mason, or to any officer having executions which may be obtained upon these suits, the sum of two hundred and thirteen dollars, *or shall indemnify said Mason from all damages and costs which may accrue to him if such payment is not made to meet such executions,* then this obligation to be void, otherwise of full force."

It appears that of said suits, only that in favor of Gleason was prosecuted to judgment and execution. The replication sets forth that the execution was duly delivered to the plaintiff, as an authorized officer, and, on demand made, the execution was fully paid and satisfied within its life.

Now, it is to be observed that the condition of the bond is in the alternative. One alternative is, to pay the two hundred and thirteen dollars to the officer who should have the executions that might be obtained in those suits; the performance of which would be a full satisfaction of the condition. The other alternative is, that the obligors should indemnify said Mason from all damages and costs which may accrue to him, *if such payment is not made to meet such executions.* If the payment should be made *to meet such executions,* then of course no damages and costs could accrue in that behalf. Only one execution was obtained. Payment was made to meet it. It was met, paid and satisfied. It is quite clear then, that the second alternative of the condition was performed.

This being so, and shown to be so by the replication itself, it would seem that the replication, instead of answering and avoiding, fully sustains the plea of performance, as well as that of *non damnificatus.*

It will hardly be claimed that the plaintiff, as against these defendants, is entitled to anything upon the bond beyond the scope

and legal effect of its terms. If by its terms truly interpreted, the bond comes short of affording all the indemnity that the plaintiff now desires, all that can be said is, that it was satisfactory to him when he took it, and if he has since pursued a course in the discharge of his official duties that leaves him behind hand in respect to indemnity, it is no fault of the obligors. The parties to the bond now stand upon their legal rights under the instrument which the plaintiff saw fit to take, and is now seeking to make available for his own benefit. It becomes needless to decide whether upon a bond whose condition was in the very terms used in the statute, the plaintiff could recover for costs of keeping the property prior to the appraisal, and taking of the bond, which were not taxed and included in the judgment for costs. It is needless also to decide the question made in the argument, as to the apportionment of such costs of keeping, between the several writs upon which said property had been attached.

The judgment of the county court is reversed. Judgment in this court that the replication is insufficient, and that plaintiff be barred.